UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 15 2025

Nathan Ochsner, Clerk of Court

In re: ) Case No.: 25-60062

PCF PROPERTIES IN TEXAS LLC, )

Debtor. ) Involuntary Chapter 7

## MOTION TO QUASH SUMMONS, ORDER TO SHOW CAUSE AND AUGUST 25, 2025, HEARING

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW**, Alzadia Spires, counsel of record for the above-referenced Debtor, and respectfully moves this Court to quash its August 11, 2025, 'Order Requiring Alzadia Spires to Appear and Show Cause Why She Should Not Be Held in Civil Contempt' (ECF No. 33), and to vacate or continue the related August 25, 2025, hearing. In support, Movant states as follows:

### I. FACTUAL BACKGROUND

1. Movant's minor child is presently in the Intensive Care Unit (ICU) with a critical illness, requiring Movant's constant presence and care. **See Exhibit A.** This circumstance is unavoidable, medically necessary, and non-delegable as a matter of parental duty.

2. On August 7, 2025, this Court entered an Order for Status Conference (ECF No. 13), requiring attendance and production of pre-petition communications.

3. Movant was unable to attend the August 11, 2025, hearing because leaving the ICU would jeopardize her minor child's health and life. Movant promptly notified relevant

1

parties of her inability to attend and advised her client to seek substitute counsel immediately.

4. Movant has not acted in bad faith or with willful disobedience; her non-appearance was solely the result of an unforeseeable and urgent family medical emergency beyond her control.

5. During this period, certain documents appear to have been filed by the client or third parties acting independently of Movant. These filings occurred without Movant's authorization, participation, or knowledge.

## II. LEGAL STANDARD

A. Federal Rule of Civil Procedure 45(d)(3)(A)(iv) (incorporated by Bankruptcy Rule 9016) requires quashing or modifying a compulsory order that subjects a person to undue burden, which includes serious family medical emergencies.

B. Federal Rule of Civil Procedure 60(b)(1) & (6) authorizes relief from an order due to excusable neglect or for any other reason that justifies relief, including urgent parental obligations for a critically ill child.

C. Due Process (U.S. Const. Amend. V) requires that a party be given a meaningful opportunity to be heard, which must be practicable given their circumstances.

D. Civil contempt requires proof of willful noncompliance; inability to comply is a complete defense. *See United States v. Rylander*, 460 U.S. 752, 757 (1983).

2

## III. ARGUMENTS FOR QUASHING THE SHOW CAUSE ORDER AND NO CONTEMPT

1. **Absolute Defense – Inability to Comply:** Providing necessary ICU care for a critically ill minor constitutes factual and legal impossibility to appear. *Rylander*, 460 U.S. at 757.

2. **No Willful Disobedience:** *In re Skyport Global Commc'ns, Inc.*, 661 F. App'x 835, 838 (5th Cir. 2016) confirms that civil contempt requires willfulness. An unavoidable parental obligation of this magnitude negates any finding of willfulness.

3. **Due Process Violation:** Forcing in-person attendance despite documented inability due to a child's life-threatening condition denies meaningful access to the court. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

4. **Family Integrity Rights:** *Troxel v. Granville*, 530 U.S. 57 (2000) protects the constitutional right of a parent to care for their child. Compelling appearance at the cost of abandoning a critically ill minor would violate this right.

5. **Ethical Duties:** ABA Model Rule 1.16(a)(2) requires withdrawal where circumstances materially impair representation. Movant fulfilled her duties by notifying the client and recommending substitute counsel.

6. **No Control Over Client's Independent Filings**: *See In re Sequoia Auto Brokers Ltd., Inc.*, 827 F.2d 1281, 1284 (9th Cir. 1987) — an attorney is not liable for actions of a client taken without the attorney's knowledge or authority.

7. **Less Drastic Alternatives:** *In re Power Recovery Sys., Inc.*, 950 F.2d 798, 802 (1st Cir. 1991) holds that contempt powers should be used only when no adequate alternative

3

exists. Here, written declarations, or continuances would suffice to allow Debtor to obtain substitute/new counsel.

## IV. REQUEST FOR RELIEF

**WHEREFORE**, Movant respectfully requests that the Court: (1) Quash the August 11, 2025, Order to Show Cause (ECF No. 33); (2) Vacate or continue the August 25, 2025, hearing to a reasonable date after allowing the Debtor a reasonable period to retain substitute counsel; (3) Permit compliance via written declaration or remote appearance; and (4) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ *Alzadia Spires*
Alzadia Spires
SBN: 24099975
17515 Spring Cypress Rd., C620
Cypress, Texas 77429
Phone: (832) 418-9171
Email: alzadia@spireslawfirm.com

Dated: August 15, 2025

## CERTIFICIATE OF SERVICE

I, Alzadia Spires, certify that on August 15, 2025, I served this Motion to Quash Summons, Show Cause Order and Hearing on August 25, 2025, on all parties, by email and/or first-class mail.

By: *Alzadia Spires*
Alzadia Spires

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 25-60062 |
| PCF PROPERTIES IN TEXAS LLC, | ) | |
| Debtor. | ) | Involuntary Chapter 7 |

## [PROPOSED] ORDER GRANTING MOTION TO QUASH ORDER TO SHOW CAUSE

Upon consideration of the Motion to Quash filed by Alzadia Spires, and for good cause shown, it is hereby:

**ORDERED**, that the Motion to Quash is **GRANTED**;

**ORDERED**, that the August 11, 2025, Order to Show Cause (ECF No. 33) is hereby **VACATED**;

**ORDERED**, that the August 25, 2025, hearing is **CONTINUED** to a date to be determined after the resolution of Movant's minor child's medical emergency or is satisfied by written submission or remote appearance;

**ORDERED**, that no finding of civil contempt shall be made against Alzadia Spires for failure to comply with the August 7, 2025, Order, as she has no reasonable access to said document, if any exists; and it is further ORDERED that no finding shall be made against Alzadia Spires for failure to appear on August 11, 2025, as such nonappearance was due to documented family medical emergencies beyond her control.

**SO ORDERED.**

1

SIGNED ON: _____

_____
UNITED STATES BANKRUPTCY JUDGE